

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 1, 1948

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

                             Opinion No. V-592

                             Re: The legality of expend-
                                     ing State funds to pay
                                     the Federal Government
                                     for loss of or damage
                                     to Federal property
                                     assigned to the Texas

Dear Sir:                                National Guard.

        Your recent request for an opinion on the
above question reads as follows:

        "The Fiftieth Legislature made the
following Appropriation:

        "'109. Replacement of, payment for,
repair and renovation of lost and unservice-
able property, including transportation on
property purchased and transportation on
property turned in by the Texas National
Guard units . . . '

        "I am now being presented with an ac-
count drawn in favor of the Federal Govern-
ment to pay for stolen or missing property,
damaged and wrecked truck.

        "Please advise if the enclosed accounts,
in whole or part, are a legal charge against
State funds."

        To your letter of request you attached three
Reports of Survey on property of the United States,
lost or damaged while assigned to the Texas National
Guard. We do not conceive it to be our office to ex-
press an opinion as to the sufficiency or correctness
of the Reports of Survey and shall for the purposes
of this opinion assume that the same are in correct

form and legally sufficient under the rules and regulations of the Texas National Guard and the United States governing Reports of Survey.

In your request you quoted the provisions of paragraph 109 of the appropriation made by the Fiftieth Legislature to the Adjutant General's Department. Acts 50th Legis. R. S. 1947, p. 807.

Article 5798, V. C. S., provides in part:

" . . . he (the Adjutant General) shall see that all military stores and supplies both the property of this State and of the United States are properly cared for and kept in good order, ready for use; and all accounts which may accrue against this State under the provisions of this chapter shall, if correct, be certified and approved by the Adjutant General and paid out of the State Treasury as other claims are paid."

Article 5799, V. C. S., provides:

"The Assistant Quartermaster General shall be appointed by the Governor on the recommendation of the Adjutant General . . . . . He shall be responsible for all quartermasters, subsistence, ordnance, medical, signal, and all other military stores and supplies belonging to this State, or which may be issued to this State by the United States . . . prepare such returns of all quartermasters, subsistence, ordnance, medical, signal and other military stores and supplies that have been issued to this State by the United States at the times and in the manner required by the Secretary of War . . . "

32 U. S. C. A., Sec. 47, provides:

" . . . Whenever any such property issued to the National Guard in any State or Territory or the District of Columbia shall have been lost, damaged, or destroyed . . . it shall be examined by a disinterested surveying officer of the Regular Army or

the National Guard . . . and the report of such surveying officer shall be forwarded to the Secretary of War, or to such officer as he shall designate to receive such reports; and if it shall appear to the Secretary of War from the record of survey that the property was lost, damaged, or destroyed through unavoidable causes, he is hereby authorized to relieve the State or Territory or the District of Columbia from further accountability therefor. If it shall appear that the loss, damage, or destruction of property was due to carelessness or neglect, or that its loss, damage, or destruction, could have been avoided by the exercise of reasonable care, the money value of such property shall be charged to the accountable State. . . to be paid from State . . . funds, or any funds other than Federal . . . and the net proceeds of collections made from any person or from any State, Territory or District to reimburse the Government for the loss, damage, or destruction of any property, shall be deposited in the Treasury of the United States as a credit to said State, Territory, or the District of Columbia, accountable for said property, and shall remain available throughout the then current fiscal year and throughout the fiscal year following that in which the sales, stoppages, and collections were effected, for the purposes provided for in that portion of its allotment set aside for the purchase of similar supplies, stores, or material of war . . . " (Emphasis added)

Article 5849, V. C. S., provides:

"The cost of arms, equipment, and all other military supplies and stores, and the cost of repairs or damages done to arms, equipment and all other military supplies and stores, shall be deducted from the pay of any officer or soldier in whose care or use the same were when such loss, destruction or damage occurred, if said loss, destruction or damage was occasioned by the carelessness, neglect or abuse of said officer or soldier."

You are therefore advised that the money value of any United States property assigned to the Texas National Guard which is lost, damaged or destroyed due to carelessness or neglect, or if its loss, damage, or destruction could have been avoided by the exercise of reasonable care, is a legal charge against State funds. The cost of any such property which is lost, damaged or destroyed due to the carelessness, neglect or abuse of any officer or soldier while in his care or use is to be deducted from such officer's or soldier's pay.

## SUMMARY

The money value of any United States property assigned to the Texas National Guard which is lost, damaged, or destroyed due to carelessness or neglect, or if the loss, damage, or destruction could have been avoided by the exercise of reasonable care, is a legal charge against State funds appropriated to the Adjutant General's Department for such purpose. Acts 50th Leg. R. S. 1947, p. 807, par. 109.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Durward M. Goolsby*
Durward M. Goolsby
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL

DMG:sh:mrj